UNITED STATES v. B. F. DRAKENFELD & CO.

(Circuit Court of Appeals, Second Circuit. April 11, 1910.)

No. 177 (5,282).

1. CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—COPPER PLATES—"SHEETS."
   Small copper plates, completely finished for engravers' use, are not within the provision for copper "sheets," in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 176, 30 Stat. 165 (U. S. Comp. St. 1901, p. 1644).
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*
   For other definitions, see Words and Phrases, vol. 7, p. 6482.]

2. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—"PLATES NOT MANUFACTURED."
   Plates that have been ground, polished, and planished are not copper in "plates * * * not manufactured," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 532, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682).
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (172 Fed. 296), reversing a decision of the Board of General Appraisers (G. A. 6,748 [T. D. 28,-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

920]), which affirmed the assessment of duty upon certain merchandise imported under tariff act of 1897.

D. Frank Lloyd, Asst. Atty. Gen. (Thomas J. Doherty, of counsel), for United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The merchandise consists of copper plates varying in dimensions from 4 by 4 inches to 18 by 24 inches, and about one-eighth of an inch in thickness, with beveled edges. The evidence supports the finding of the Board that:

"These plates are planished, and in this advanced state they are ready for engraving. * * * A somewhat elaborate process of grinding and polishing, which greatly enhances the value of the articles, is necessary in order to make the plates ready for the engraver's use."

They were assessed for duty under paragraph 193, which reads:

"Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem."

The importers contended for free entry under paragraph 532:

"Copper in plates, bars, ingots, or pigs, and other forms, not manufactured or specially provided for in this act."

The Board and Circuit Court agreed that the plates had been advanced in value sufficiently to take them out of this paragraph, in which conclusion we fully concur.

It is further contended that they should be classified under paragraph 176:

"Copper in rolled plates, called braziers' copper, sheets, rods, pipes, and copper bottoms, two and one-half cents per pound; sheathing or yellow metal of which copper is the component material of chief value, and not composed wholly or in part of iron, ungalvanized, two cents per pound."

The majority of this court are satisfied that these small plates, completely finished for the engraver's use, are not the "copper sheets" of paragraph 176. They have been advanced to the class of plates for engraving. The Circuit Court was induced to sustain the importers'. contention by a consideration of paragraph 166:

"Steel plates engraved, stereotype plates, electrotype plates, and plates of other materials, engraved or lithographed, for printing, twenty-five per centum ad valorem."

The court says:

"The article in question, if it had been engraved, would undoubtedly be classifiable under paragraph 166. Copper in rolled plates or sheets would seem to have been provided for by Congress in paragraph 176. If the collector and the Board of General Appraisers were right in their reasoning, they would seem to be charging Congress with the intention of classifying this article at a 45 per cent. rate before it is engraved, and at a 25 per cent. rate after engraving. If the courts accepted such an interpretation, the importer would

be apt to have his plates engraved on the other side of the water, to the detriment of the American engraver as well as the finisher."

We do not find this argument persuasive. There are many similar incongruities and inconsistencies in tariff acts, which might be susceptible of ready explanation if we were as familiar with the conditions of the subject as was the commission or legislative committee which framed the act.

The decision of the Circuit Court is reversed, and the decision of the Board affirmed.