Transport Co. *v.* United States (No. 2829) [1]

United States Court of Customs Appeals, April 16, 1927

*Allan R. Brown* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

[Oral argument January 27, 1927, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise consisting of kid skins with the fur on, dyed and dressed, was assessed for duty by the collector at 25 per centum ad valorem under the first provision of paragraph 1420 of the Tariff Act of 1922. The paragraph reads as follows:

PAR. 1420. Furs dressed on the skin, excepting silver or black fox furs, not advanced further than dyeing, 25 per centum ad valorem; plates and mats of dog and goat skins, 10 per centum ad valorem; manufactures of furs, excepting silver or black fox, further advanced than dressing and dyeing, prepared for use as material, joined or sewed together, including plates, linings, and crosses, except plates and mats of dog and goat skins, and articles manufactured from fur, not specially provided for, 40 per centum ad valorem; silver or black fox skins, dressed or undressed, and manufactures thereof, not specially provided for, 50 per centum ad valorem; articles of wearing apparel of every description partly or wholly manufactured, composed wholly or in chief value of hides or skins of cattle of the bovine species, or of dog or goat skins, and not specially provided for, 15 per centum ad valorem; articles of wearing apparel of every description wholly or in part manufactured, composed wholly or in chief value of fur, not specially provided for, 50 per centum ad valorem.

---

[1] T. D. 42159.

It was claimed in the protest that the merchandise was dutiable at 10 per centum ad valorem under the second provision of paragraph 1420, or, alternatively, at 10 per centum ad valorem or at 20 per centum ad valorem under paragraph 1459. Paragraph 1459 provides as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

On the trial below the appellant offered in evidence the appraiser's report, and rested.

The Government offered no evidence.

The report of the appraiser is as follows:

* * * The merchandise consists of kid skins with the fur on, dyed and dressed. It was returned for duty as dressed furs on the skin at 25% ad valorem under the first part of paragraph 1420, act of 1922. * * *

The court below, Brown, Associate Justice, dissenting, overruled the protest, and the importer appealed.

It is here claimed by the appellant that, as kid skins are included within the term "goat skins," as that term is commonly understood, and, as the court below, in T. D. 34493, G. A. 7569, held that dressed goat skins were dutiable at 10 per centum ad valorem under the provision for "plates and mats of dog and goat skins" contained in paragraph 348 of the tariff act of 1913, by similitude; and, as the Treasury Department in T. D. 34054 also held that rugs and robes of goat skins were dutiable at the same rate of duty as "plates and mats" of such skins, under paragraph 348, *supra;* and, as the Congress enacted paragraph 1420, *supra*, without providing for dressed and dyed goat skins in the first provision thereof, by name, it must be presumed that the Congress intended to approve and adopt those decisions and to provide for such skins under the provision for "plates and mats" contained in the second provision thereof. It is also pointed out that, as the paragraph provides a duty of 10 per centum ad valorem for plates and mats of goat skins—which are manufactures of such skins—and for articles of wearing apparel composed wholly or in chief value of such skins at 15 per centum ad valorem, it is not reasonable to suppose that it was intended to provide for the material, from which such manufactures and articles of wearing apparel are made, at a higher rate of duty than that provided for such manufactures and manufactured articles.

It is contended by the Government that the doctrine of legislative adoption of judicial decisions does not support the claim of appellant, as the decision in T. D. 34493, G. A. 7569, was not followed by the court below but was distinctly overruled by that court in two cases involving the same paragraph and identical issues—*Chandless Ba-*

*touieff & Co.* v. *United States*, 28 Treas. Dec. 719, Abstract 37687; and *Stix, Baer & Fuller* v. *United States*, 40 Treas. Dec. 459, Abstract 44559—in which the court held that dressed goat and kid skins were dutiable at 30 per centum ad valorem as "furs dressed on the skin, not advanced further than dyeing," under paragraph 348 of the tariff act of 1913; that, if the doctrine of legislative adoption is applicable to the case at all, it is opposed to the claims made by appellant and supports the decision of the trial court; that, as there was no evidence to support such a finding, the merchandise can not be classified under the second provision of paragraph 1420 by similitude; and that, the Congress having expressly excepted silver and black fox furs from the provision for "furs dressed on the skin, * * * not advanced further than dyeing," no other exceptions were intended.

It is also claimed that, "the rule that Congress is presumed to have intended to assess higher rates of duty on manufactured articles than on the raw materials from which they are made is not conclusive" and can not be applied where a contrary intent is evident from the statute. It is pointed out that there are paragraphs in the Tariff Act of 1922 which specifically provide for higher rates of duty on materials than on the manufactures of such materials. As illustrative of this seeming incongruity paragraphs 1109 and 1119 are cited. Our attention is also called to the cases of *United States* v. *Milbank, Leaman & Co.*, 14 Ct. Cust. Appls. 166, T. D. 41693; *United States* v. *Paar*, 14 Ct. Cust. Appls. 301, T. D. 41911; and *United States* v. *B. F. Drakenfeld & Co.*, 178 Fed. 258.

It is conceded that, as commonly understood, kid skins are included within the term "goat skins."

The Congress has provided in the first part of paragraph 1420 for "Furs dressed on the skin, excepting silver or black fox furs, not advanced further than dyeing," at 25 per centum ad valorem. The second provision is for "plates and mats of dog and goat skins," at 10 per centum ad valorem. The third provision covers "manufactures of furs, excepting silver or black fox, further advanced than dressing and dyeing, prepared for use as material, joined or sewed together, including plates, linings, and crosses, *except plates and mats* of dog and *goat* skins, and articles manufactured from fur, not specially provided for," at 50 per centum ad valorem. (Italics ours.) The fourth provision covers "articles of wearing apparel of every description partly or wholly manufactured, composed wholly or in chief value of hides or skins of cattle of the bovine species, or of dog or *goat skins*, and not specially provided for," at 15 per centum ad valorem. (Italics ours.) The last provision covers "articles of wearing apparel of every description wholly or in part manufactured, composed wholly or in chief value of fur, not specially provided for," at 50 per centum ad valorem.

It will be noted that the first provision covers all furs dressed on the skin, not advanced further than dyeing, except silver or black fox furs. This exception was not incorporated in paragraph 348 of the tariff act of 1913, the predecessor of the paragraph in question. We have examined the other provisions of the paragraph with care, and it seems to us that the incorporation of the one express exception to the operation of the first provision indicates that it was intended to include in that provision all furs dressed on the skin, not advanced further than dyeing, excepting only silver or black fox furs; and that no other exception was intended.

Is the involved merchandise covered by this provision? The collector assessed it for duty under this provision. The appraiser reported that it consisted of "kid skins with the fur on, dyed, and dressed." This report was introduced in evidence. No other evidence was introduced. It having been established that the merchandise consists of furs dressed on the skin, and not advanced further than dyeing, it would seem to be dutiable at 25 per centum ad valorem under the first provision of the statute.

It is claimed, however, that as kid skins are included within the common understanding of the term "goat skins," and as manufactures of goat skins and articles of wearing apparel made of such skins are specially provided for at lower rates of duty than that provided for dressed furs on the skin, not further advanced than dyeing, and as such furs are the material from which plates and mats are made it is unreasonable to suppose that the Congress intended that the involved merchandise should bear a rate of duty three times as high as that provided for such furs when advanced into manufactures. The argument is a fair one.

The classification of the material out of which manufactures and finished articles of wearing apparel are made at a much higher rate than those provided for such manufactures and finished articles seems inconsistent with the theory of placing higher duties on articles advanced in condition and value, and incongruous.

The answer to this argument is that the statute is not open to any other reasonable construction.

The provision for "manufactures of furs, excepting silver or black fox, further advanced than dressing and dyeing, prepared for use as material, joined or sewed together, including plates, linings, and crosses, *except plates and mats of dog and goat skins*, and articles manufactured from fur," clearly indicates that the Congress recognized that "plates and mats of * * * goat skins," were manufactures of goat furs dressed on the skin and advanced further than dressing and dyeing, and would be covered by this provision unless expressly excepted therefrom. (Italics ours.)

This opinion may have resulted from the holdings of this court in *Carlowitz* v. *United States*, 2 Ct. Cust. Appls. 172, T. D. 31681, and *Allum et al.* v. *United States*, 4 Ct. Cust. Appls. 332, T. D. 33526. In the *Carlowitz* case, kid skins, dressed and dyed with the fur on, and sewn together into the form of crosses, and used in the manufacture of garments or rugs, were held to be dutiable as manufactures of furs under paragraph 439 of the tariff act of 1909.

In the case of *Allum* v. *United States*, it was held that dog skins with the hair on, in the form of mats, were dutiable as manufactures of furs under paragraph 439 of the tariff act of 1909.

These decisions were referred to in the case of *Ayres, Bridges & Co. et al.* v. *United States*, 8 Ct. Cust. Appls. 87, T. D. 37201, wherein it was held that the term "furs" was not, within the common understanding, necessarily limited to products of "strictly fur-bearing animals," but included such hair or wool as was used as fur. See also *Bloomingdale Bros.* v. *United States*, 8 Ct. Cust. Appls. 104, T. D. 37221.

But it is contended by counsel for appellant that, the court below having held in the case of *Scheinhol & Modlin*, T. D. 34493, 26 Treas. Dec. 884, that dressed goat skins were not included in the provision for "furs dressed on the skin, not advanced further than dyeing," contained in paragraph 348 of the tariff act of 1913, but were dutiable under the provision for "plates and mats of dog and goat skins" contained therein, by similitude; and, the Treasury Department having held to the same effect in T. D. 34237; and, the Congress having enacted paragraph 1420, *supra*, without special reference to goat skins with the fur on, dressed and dyed, it must be held that it was intended to approve and adopt those decisions, and that, therefore, it was intended that such skins should be classified under the provision for plates and mats of goat skins, at only 10 per centum ad valorem.

The Government, however, has called our attention to the decisions of the same judges of the same court in the cases of *Chandless Batovieff & Co.* v. *United States*, Abstract 37687, 28 Treas. Dec. 719; and *Stix, Baer & Fuller* v. *United States*, Abstract 44559 40 Treas. Dec. 459.

It was held in the *Chandless Batovieff* case that "full-size kid skins dressed and dyed, used by furriers for making garments," were dutiable as furs dressed on the skin, under the first part of paragraph 348 of the act of 1913. In the *Stix, Baer & Fuller* case it was held that "skins of the Mongolian goat" were dutiable as furs dressed on the skin under the first part of paragraph 348, *supra*.

There is not only a conflict in the decisions on the question, but the Congress has clearly indicated (whatever the reason for doing so. may have been) by expressly excepting silver and black fox furs

only from the first provision of the paragraph, and by excepting plates and mats of goat skins from the operation of the third provision of the paragraph, that all other furs dressed on the skin, not advanced further than dyeing, were to be included within the provision in question.

The merchandise does not consist of plates and mats of kid skins. As it is provided for under the first part of the paragraph the similitude provision can not be applied. *Isler & Guye et al.* v. *United States*, 5 Ct. Cust. Appls. 229, T. D. 34401.

The classification of furs of kid skins at a higher rate of duty than that provided for manufactures of such furs and for articles made therefrom may seem incongruous, but many seeming incongruities appear in tariff statutes.

The judgment is *affirmed*.